Alex Schwartz and Ida Schwartz v. Commissioner.
Schwartz v. Commissioner
Docket No. 3216-63.
United States Tax Court
T.C. Memo 1965-41; 1965 Tax Ct. Memo LEXIS 289; 24 T.C.M. (CCH) 223; T.C.M. (RIA) 65041; February 26, 1965
Alex Schwartz, for the petitioners. Bruce Hallmark, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: The Commissioner determined a deficiency in petitioners' income tax for the taxable year 1960 in the amount of $318.04. The sole issue for decision is whether the meal and lodging *290 expenses incurred by petitioner Alex Schwartz in Elk City, Oklahoma, were deductible expenses under the provisions of section 162(a) or 212 of the Internal Revenue Code of 1954. Findings of Fact Petitioners, Alex Schwartz and Ida Schwartz, were at all times relevant hereto husband and wife. They filed their joint Federal income tax return for the taxable year 1960, prepared on the basis of a calendar year, with the district director of internal revenue, Oklahoma City, Oklahoma. The term "petitioner" as hereinafter used will refer only to Alex Schwartz. Petitioner, during the taxable year 1960, maintained a residence in Oklahoma City, Oklahoma, and operated a scrap metal business (hereinafter sometimes referred to as Western Iron & Metal) located in Elk City, Oklahoma. The driving time between Oklahoma City and Elk City is approximately two hours. In 1938 petitioner purchased land in Elk City and began a scrap metal business on such land. He also moved to Elk City at that time. Petitioner operated the business until 1949, in which year he sold the inventory and the business, retaining the land, which he rented to an irrigation company. Petitioner and his *291 family moved to Oklahoma City in the same year. In 1956 petitioner recrudesced the scrap metal business (Western Iron & Metal) in Elk City. Until 1959 Western Iron & Metal was operated largely by a manager or partner other than petitioner. However, due to a loss (approximately $9,300) sustained in 1959, petitioner was impelled to take over the business in 1960 and become actively engaged in its day-to-day business affairs. Although petitioner continued to reside in Oklahoma City, he drove back and forth from Oklahoma City to Elk City in order to operate Western Iron & Metal. During the taxable year 1960 petitioner spent approximately 97 nights in Elk City. The number of days petitioner spent in Elk City is not disclosed by the record. However, they exceeded the number of nights, since petitioner sometimes would remain in Elk City the day before and after each night spent there. Furthermore, during some weeks, petitioner would drive to Elk City and spend the day there without spending the night. Petitioner had other financial interests in Elk City of an investment nature. However, the major part of petitioner's time spent in Elk City was taken up with Western Iron & Metal. During *292 the taxable year 1960 petitioner expended $1,175.90 for meals and lodging for himself while in Elk City, and in his return for that year he claimed this amount as a deduction. Also, in that return petitioner claimed a deduction of $977.85 for automobile depreciation and expense. This amount was based on petitioner's estimate of an 80 percent business use of his automobile. The respondent does not challenge the deduction for automobile depreciation and expense, and it is not in issue. Respondent, pursuant to a statutory notice of deficiency, disallowed the entire deduction with respect to meal and lodging expenses incurred by petitioner while in Elk City in 1960. Opinion Petitioner maintains that his interest in Western Iron & Metal was that of a passive investor whose base for business or investment operations was situated in his residence in Oklahoma City. The gist of petitioner's argument is that meal and lodging expenses incurred in Elk City were incurred "while away from home" in the pursuit of a trade or business or for the production of income and, therefore, deductible as travel expenses under sections 162(a)(2) or 212. [1]
*293 The respondent does not question the amounts involved, but he determined and contends that no deduction is allowable with respect to petitioner's meal and lodging expenses because (1) they were not incurred "while away from home" and (2) they represent nondeductible, personal living expenses. The Supreme Court in Commissioner v. Flowers, 326 U.S. 465, 470 (1946), set out three conditions that must be satisfied before a travel expense deduction may be made under section 162(a)(2): (1) The expense must be a reasonable and necessary traveling expense, as that term is generally understood. This includes such items as transportation fares and food and lodging expenses incurred while traveling. (2) The expense must be incurred "while away from home." (3) The expense must be incurred in pursuit of business. This means that there must be a direct connection between the expenditures and the carrying on of the trade or business of the taxpayer * * *. Moreover, such an expenditure must be necessary or appropriate to the development and pursuit of the business or trade. The Supreme Court in Flowers stated that failure to satisfy any one of the three conditions destroys *294 the deduction. The fact that petitioner claims to be merely an investor in Western Iron & Metal does not affect the necessity of satisfying the conditions set out in Flowers. A deduction of the expenses here in issue under section 212 is subject, except for the requirement of being incurred in connection with a trade or business, to all restrictions and limitations that apply in the case of a deduction under section 162. Ralph D. Hubbart, 4 T.C. 121 (1944). However, we have found that petitioner was engaged in the scrap metal business during the taxable year 1960. This Court has consistently defined the word "home" as the equivalent of taxpayer's place of business. I. Jay Green, 35 T.C. 764 (1961), affd. per curiam 298 F. 2d 890 (C.A. 6, 1962). In the instant case, the Commissioner determined that petitioner's home for tax purposes was in Elk City rather than in Oklahoma City and therefore meal and lodging expenses incurred in Elk City were not incurred by petitioner "while away from home." The Commissioner's determination is presumed to be correct, and the burden to prove it erroneous is upon the petitioner. I. Jay Green, supra. *295 A review of the record before us indicates that the Commissioner's determination is correct. The evidence shows that petitioner was required to spend a substantial portion of the taxable year 1960 in Elk City in order to conduct the business affairs of Western Iron & Metal. During 1960 petitioner spent approximately 97 nights and a greater number of days in Elk City, which time, we have found, was taken up mainly with the business affairs of Western Iron & Metal. The fact that petitioner asserts he conducted his scrap metal business from an office located in his residence in Oklahoma City is far from determinative. Petitioner offered no evidence other than his bald statement to show such fact. Consequently, we find that petitioner operated Western Iron & Metal from its physical location in Elk City. The meal and lodging expenses therefore were not incurred "while away from home" as required by section 162(a)(2). Travel expenses incurred "in pursuit of business" within the meaning of section 162(a)(2) can arise only when the exigencies of business, rather than personal convenience and necessity of the traveler, are the reason for incurring the travel expenditures. Commissioner v. Flowers, supra. *296 Such was not the case here. The evidence does not indicate that petitioner's business required him to maintain living quarters in Oklahoma City. Nor did it require him to perform tasks in Oklahoma City. The meal and lodging expenses therefore were not incurred "in pursuit of business" as required by section 162(a)(2). They are, therefore, nondeductible personal living expenses. Section 262, Internal Revenue Code of 1954. Thus, respondent did not err in disallowing the claimed deduction. In his brief petitioner claims that he is entitled to automobile depreciation and expense for the taxable year 1960 based on a 100 percent business use of his automobile as opposed to the 80 percent business use he claimed in his return. Petitioner now claims a deduction of $1,222.31 for automobile depreciation and expense instead of $997.85 as claimed in his return. The evidence in the record is not sufficient to support any greater automobile depreciation and expense deduction than the amount claimed in petitioner's return. Decision will be entered for the respondent. Footnotes
1. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * *
(2) traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * * Sec. 212↩ authorizes the deduction of all ordinary and necessary expenses paid or incurred by an individual even though not connected with his trade or business if they (1) are paid or incurred for the production or collection of income, or (2) are paid for the management, conservation, or maintenance of property held for the production of income.